**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT CINCINNATI**

**MICHELE WELCH,**
477 Massey Court,
Cincinnati, OH 45255

**Plaintiff, for herself and all others similarly situated,**

v.

**HEALING TOUCH HEALTH SERVICES LLC,**
c/o Registered Agent Manga Tita
8336 Meeting St. #113
West Chester, OH 45069

**Defendant.**

Case No.: 1:20-cv-894

JUDGE

MAGISTRATE JUDGE

**Jury Demand Endorsed Hereon**

**COLLECTIVE ACTION COMPLAINT**

NOW COMES Plaintiff Michele Welch ("Plaintiff"), on behalf of herself and all others similarly situated, and proffers this Complaint for damages against Defendant Healing Touch Health Services LLC ("Defendant").

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. and the Ohio Minimum Fair Wage Standards Act., R.C. Chapter 4111.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, and Defendant is doing and has done substantial business in the Southern District of Ohio.

**THE PARTIES**

5. Plaintiff Michele Welch is an individual, a United States citizen, and a resident of Clermont County, Ohio.

6. At all times relevant herein, the Plaintiff was an "employee" of Defendant's as that term is defined in the FLSA and R.C. Chapter 4111.

7. Defendant Healing Touch Health Services LLC is a domestic limited liability company registered to do business in Ohio and conducting business in the Southern District of Ohio.

8. At all times relevant herein, Defendant was an "employer" as that term is defined by the FLSA and R.C. Chapter 4111.

9. At all times relevant herein, Defendant has been engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendant's constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendant has an annual dollar volume of business of at least $500,000.00.

10. Upon information and belief, at all times relevant herein, Defendant was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

11. Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime

compensation under the FLSA. The consent is filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

### Defendant's Business Practices

12. Defendant is in the business of providing home healthcare staffing services to clients throughout central and southwestern Ohio.

13. Defendant's primary business office is located at 7225 Dixie Hwy Suite A, Fairfield, OH 45014.

14. Defendant employs individuals in the positions of Direct Support Professionals, State Tested Nursing Assistants ("STNAs"), Licensed Practical Nurses ("LPNs"), Registered Nurses ("RNs"), House Managers, and Private Duty Aides.

15. These employees provide in-home healthcare and personal care services to Defendant's clients in the client's homes. These employees assist clients with dressing, grooming, feeding, bathing, toileting, preparing meals, transportation, house cleaning, administering medication, and other medical services specific to the needs of the clients.

16. Upon information and belief, Defendant employs approximately 40 employees at any given time.

17. Defendant's Direct Support Professionals, STNA's, LPN's, RN's, House Managers, and Private Duty Aides are paid on an hourly basis (hereinafter "Hourly Employees").

18. Hourly Employees' shifts vary; however, Hourly Employees are routinely scheduled to work more than 40 hours per workweek.

19. However, at all times relevant herein, Defendant has failed to compensate its Hourly Employees at a rate of one and one-half times their respective regular rates of pay for all hours worked in a single workweek in excess of 40.

20. Defendant routinely compensates its employees at their regular rate of pay for all hours worked ("straight time") – even if in excess of 40 hours per workweek.

**Named Plaintiff's Experience**

21. Plaintiff Welch began her employment with Defendant on or about August 24, 2020.

22. Plaintiff Welch was employed with Defendant as a Direct Support Professional.

23. Plaintiff Welch was responsible for traveling to her assigned client's home and assisting the client with dressing, grooming, bathing, preparing meals, transportation, administering medication, and house cleaning, among other things.

24. At all times, Plaintiff Welch was paid on an hourly basis, at a rate of $12.00 per hour.

25. At all times, Plaintiff Welch was subjected to the same pay practices set forth above.

26. Throughout Plaintiff Welch's employment with Defendant, she was scheduled to work approximately 70 hours per workweek.

27. However, throughout Plaintiff Welch's employment with Defendant, she was not paid at a rate of one and one-half times her regular rate of pay for her hours worked in excess of 40 in a workweek. Instead, Plaintiff Welch was compensated at her regular rate of pay for all hours worked, including those in excess of 40 in a workweek ("straight time").

28. When Plaintiff Welch first began her employment with Defendant, she inquired as to whether she would receive overtime pay.

29. Defendant's Program Coordinator, Beth Roberson, informed Plaintiff that Defendant does not pay overtime to its hourly-paid employees because they are allowed to work as many "straight-time" hours as they want.

30. Plaintiff Welch complained that Defendant's pay policy was unlawful and stated she believed that she should be paid overtime for her hours worked in excess of 40 per workweek.

31. Ms. Roberson ignored Plaintiff Welch's complaints and again stated that Defendant does not pay overtime to its Hourly Employees.

32. On or about September 30, 2020, Plaintiff Welch resigned from her employment with Defendant.

## FIRST CAUSE OF ACTION
**FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime**

33. All of the preceding paragraphs are realleged as if fully rewritten herein.

34. Plaintiff brings this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former employees of Defendant's, who, during the previous three years, were paid on an hourly basis and did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40.

35. Upon information and belief, in the three years prior to the date of filing this Complaint, Defendant has employed more than 80 hourly-paid employees in the positions of Direct Support Professionals, STNA's, LPN's, RN's, House Managers, or Private Duty Aides.

36. These hourly-paid employees are similarly situated to Plaintiff and are referred to herein as Similarly Situated Persons or "SSPs".

37. This action is brought as an “opt-in” collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is representative of all SSPs employed by Defendant, and she is acting on behalf of their interests as well as her own in bringing this action.

38. The SSPs are known to Defendant and are readily identifiable through Defendant’s payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

39. Plaintiff and the SSPs are paid on an hourly basis.

40. Plaintiff and the SSPs are not exempt from the overtime requirements of the FLSA.

41. Plaintiff and the SSPs were not paid an overtime premium for all hours worked over 40 in a workweek.

42. Defendant was aware that Plaintiff and the SSPs regularly worked more than 40 hours per week but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

43. Defendant knew or should have known that it was required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

44. Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiff and the SSPs have been damaged.

**SECOND CAUSE OF ACTION**
**OMFWSA R.C. 4111.03 - Failure to Pay Overtime**

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. This claim is brought under Ohio Law.

47. Defendant's repeated and knowing failure to pay overtime wages for hours worked in excess of forty (40) per workweek is a violation of Section 4111.03 of the Ohio Revised Code.

48. For the Defendant's violations of ORC 4111.03, Plaintiff is entitled to recover her unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Similarly Situated Persons are entitled to and pray for the following relief:

A. Designation of this action as a collective action pursuant to the FLSA on behalf of the collective action members and prompt issuance of notice to all similarly situated members of the proposed opt-in class, notifying them of this action, and permitting them to assert their timely claims for overtime payment in this action;

B. A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA and OMFWSA;

C. An injunction against Defendant from engaging in each of the unlawful practices, policies, and patters set forth herein;

D. An award of unpaid overtime wages due under the FLSA and OMFWSA;

E. An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

F. An award of prejudgment and post judgment interest;

G. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

H. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com)*
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
Rhiannon M. Herbert (0098737)
(*Rhiannon@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiffs hereby requests a jury of at least eight (8) persons.

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)